UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2023
```

-------------------------------------------------------------X
LOUIS ROMANO,                                   :
                                  Plaintiff,    :
         -against-                              :
                                                :
TRIBOROUGH ENERGY CORP., DUSHE                  :        22-CV-0463 (VEC)
BERISHA, GJESTE BERISHA, ALEX BERISHA           :
AND LARRY BERISHA, EACH AN                      :        OPINION & ORDER
INDIVIDUAL, THE ADMINSTRATOR OF THE             :
ESTATE OF GJOK BERISHA, AND THE REAL            :
PROPERTY LOCATED AT 815 MACE                    :
AVENUE, BRONX, NEW YORK 10467,                  :
                                                :
                                  Defendants.   :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

         Plaintiff sued Defendants to collect a loan made to Triborough Energy Corp.

("Triborough") before the death of Jack Berisha, the then-owner of Triborough.  Although this

should be a straightforward breach of contract claim, it is not.  Plaintiff has elected to name

multiple members of Jack's family and a piece of real property as defendants in this action.  The

extended family members, specifically, Gjeste Berisha, Alex Berisha, and Larry Berisha

(collectively "Extended Family Defendants"), moved to dismiss all causes of action against

them.[1]  Mot., Dkt. 53.  For the reasons discussed below, their motion to dismiss is GRANTED.

---

[1]      In a footnote, the moving Defendants seek to dismiss the fraudulent conveyance claims against The Real
Property Located at 815 Mace Avenue, Bronx, New York 10467 ("the Real Property").  *See* Def. Mem., Dkt. 53 Ex.
1 at 1 n.1.  Plaintiff does not oppose dismissal of the Real Property, nor does the Amended Complaint include any
allegations explaining why the Real Property — which, of course, cannot itself convey property — is named as a
defendant in Plaintiff's fraudulent conveyance claim.  Am. Compl., Dkt. 51 ¶¶ 45–46, 65–74.  To the extent that
Plaintiff seeks to attach the Real Property, *id.* ¶ 74,  he has not made a formal application to do so.  Furthermore, if
the Court were to grant Plaintiff's request to hold the Real Property in a constructive trust, it would not have been
necessary to name the Real Property as a defendant. *See, e.g.*, *Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 360–61
(2d Cir. 1999) (discussing the requirements for a constructive trust).  For all these reasons, the Real Property is
dismissed as a Defendant.

## BACKGROUND[2]

In May 2018, Plaintiff Louis Romano lent Triborough, a company then-owned by his friend Jack Berisha ("Jack"), $200,000.  Am. Compl., Dkt. 51 ¶ 26.  Jack "agreed to be personally liable for the Loan."  *Id.* ¶ 23.  At some unspecified time, Diane Berisha ("Diane"), Jack's wife, agreed to the same, and Jack informed Mr. Romano that the loan debt would take "priority to any other debts" if Jack did not repay it.  *Id.* ¶ 24.  Mr. Romano and Jack memorialized their agreement in an email exchange.  *Id.* ¶¶ 27–28.

Two months after Mr. Romano made the loan, Jack died.  *Id.* ¶ 19.  Following Jack's death, Diane became the sole owner and Chief Operating Officer of Triborough.  *Id.* ¶ 32.  Despite assurances from both Diane and Larry Berisha (an officer of Triborough and Diane's brother-in-law; hereafter "Larry") that the loan would be repaid, *id.* ¶¶ 5, 33–35, 39, it has not been, *id.* ¶¶ 29–30.  Mr. Romano alleges that the Defendants have hidden valuable assets that were part of Jack's estate ("the Estate"), including a collection of Rolex watches and certain real property; they have done so, according to the Plaintiff, to render the Estate insolvent and to avoid repaying him.  *Id.* ¶¶ 44–48, 73.

Only Counts Three and Four of the Amended Complaint are at issue in this motion.  Count Three alleges that the Extended Family Defendants fraudulently conveyed assets from the Estate, and Count Four alleges fraud against Larry.[3]  The Extended Family Defendants have moved to dismiss those counts as to them.  Mot., Dkt. 53.  Plaintiff opposes to the motion.  Pl. Opp., Dkt. 57.

---

[2]    The well-pled facts in the Amended Complaint are assumed true for purposes of evaluating Defendant's motion to dismiss.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

[3]    Count Four alleges fraud as to both Larry and Diane, but only Larry has moved to dismiss the Count.  *See* Def. Mem. at 1.

**DISCUSSION**

## I.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).  Where a subset of defendants moves to dismiss pursuant to Rule 12(b)(6), courts may rule on the motion as to those defendants only.  *See, e.g.*, *Paradigm BioDevices, Inc. v. Viscogliosi Bros., LLC*, 842 F. Supp. 2d 661, 667–68 (S.D.N.Y. 2012) (granting a 12(b)(6) motion to dismiss plaintiff's fraudulent conveyance claims brought by a subset of defendants).

## II.   The Motion to Dismiss Is Granted as to the Extended Family Defendants

### A.  The Fraudulent Conveyance Claims Against the Extended Family Defendants Are Dismissed

Although not a model of drafting, the Amended Complaint appears to claim that the Extended Family Defendants should be held liable to repay the loan because they violated the New York Debtor and Creditor Law ("DCL") when they fraudulently conveyed assets that might have otherwise been used to repay the loan from the Estate to themselves.[4]  *See, e.g.*, Am.

---

[4]      On December 6, 2019, the New York Debtor and Creditor Law ("DCL") was amended to repeal provisions related to fraudulent conveyances and, relevant to this action, the change went into effect on April 4, 2020.  *See Ray v. Ray*, 799 F. App'x 29, 30–31 (2d Cir. 2020) (quoting 2019 N.Y. Sess. Laws Ch. 580).  Because the relevant

Compl. ¶¶ 44–46, 66–74; Pl. Opp. at 14, 16–17.  These assets include a collection of Rolex

watches and "[t]ransfers for the benefit of the Real Estate."  Am. Compl. ¶ 70; *see also id.* ¶ 68.

Mr. Romano alleges that the Estate is liable for the loan because Jack promised to repay the loan

if Triborough failed to do so.  *See, e.g.*, Am. Compl. ¶ 55.

### 1.  Plaintiff's Intentional Fraudulent Conveyance Claim Fails

To state a claim of intentional fraudulent conveyance under New York law, a plaintiff

must allege that the defendant conveyed property with "actual intent . . . to hinder, delay, or

defraud either present or future creditors."  *In re Khan*, No. 10-CV-49601, 2014 WL 10474969,

at *21 (E.D.N.Y. Dec. 24, 2014) (quoting N.Y. DCL § 276).  For federal plaintiffs, those

allegations must satisfy the heightened pleading standards of Rule 9(b).  *Amusement Indus., Inc.

v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d. 510, 530–31 (S.D.N.Y. 2011) (cleaned up)

(collecting cases).  Given the difficulties of proving intent, however, "the pleader is allowed to

rely on badges of fraud to support his case, i.e., circumstances so commonly associated with

fraudulent transfers that their presence gives rise to an inference of intent."  *In re Sharp Int'l

Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (cleaned up).  These include "a close relationship between

the parties to the alleged fraudulent transaction  . . . and retention of control of the property by

the transferor after the conveyance."  *Id.* (internal quotation omitted).

Plaintiff's claim for intentional fraudulent conveyance fails to meet the heightened Rule

9(b) pleading standard because the Amended Complaint is devoid of any details about the

alleged conveyance.  While the Amended Complaint makes vague references to a "hidden"

Rolex watch collection and real property, Am. Compl. ¶¶ 44–45, its allegations concerning the

---

events appear to have largely transpired before the amended statute's effective date, the Court will analyze
Plaintiff's fraudulent conveyance claims under the earlier provisions of the DCL.  *See id.* at 30–31 (applying
sections 273 and 275 of the DCL to transfers that occurred before the amended statute's effective date).

allegedly fraudulent conveyance are gibberish and conclusory at best.[5]  Plaintiff does "not provide particulars" about the alleged fraudulent conveyance, including "the timing and frequency of those allegedly fraudulent conveyances, or the consideration paid" for the asset. *Amusement Indus., Inc.*, 820 F. Supp. 2d. at 531 (collecting cases).  Without basic details regarding what property was conveyed to whom, when, and why Plaintiff alleges the transfer was fraudulent, the Amended Complaint does not provide sufficient factual allegations to plausibly support an inference that the Extended Family Defendants intentionally fraudulently conveyed property out of the Estate.[6]

### 2.  Plaintiff's Constructive Fraudulent Conveyance Claim Fails

To state a claim of constructive fraudulent conveyance under New York law, a plaintiff must allege "that the debtor made the transfer in question without fair consideration," *Ray v. Ray*, 799 F. App'x 29, 30 (2d Cir. 2020), and either (1) that the debtor "is or will be rendered insolvent by the transaction," *id*. (quoting N.Y. DCL § 273) (cleaned up), or (2) that the debtor "intends or believes that he will incur debts beyond his ability to pay as they mature," *id*. (quoting N.Y. DCL § 275).  The Amended Complaint references the relevant language of the DCL but makes no factual allegations from which the Court can plausibly infer that the Extended Family Defendants had any power to control assets owned by Jack when he was alive or that they used that power to transfer assets of the Estate to themselves at all, let alone that they did so without adequate consideration.  *See* Am. Compl. ¶ 72; *Ray*, 799 F. App'x at 30 (dismissing a

---

[5]     As an example of nonsensical allegations, paragraph 45 of the Amended Complaint alleges: "Jack Berisha told the Plaintiff that the Real Property all expenses and other costs by payment of rent, even though they own such property."  In the same vein, the first sentence of paragraph 46 of the Amended Complaint alleges: "Upon information and belief, the Real Property by Defendant GB for the benefit of such defendants."

[6]     The Amended Complaint alleges that Diane is the Administrator of Jack's Estate, Am. Compl. ¶ 7, but it is devoid of any allegations regarding how the Extended Family Defendants could be liable for transfers that only Diane would have had the legal authority to make.

constructive fraudulent conveyance claim for failure to plead sufficient details regarding the alleged fraudulent conveyance).  Accordingly, Plaintiff has failed to state a claim for constructive fraudulent conveyance.[7]

### B.  The Fraud Claim Against Larry Is Dismissed

Mr. Romano rests his fraud claim against Larry on the allegation that, in summer 2021, Larry told Plaintiff that Diane "should" repay the loan by November 2021, Am. Compl. ¶ 39, despite the fact that Larry "knew that Diane Berisha would not replay [*sic*] the Loan," *id.* ¶ 77. This fails to state a claim for common-law fraud.  To allege fraud under New York law, Plaintiff must plead "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015) (citing *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (2009)).  While a plaintiff may allege defendant's knowledge and intent "with generality," the core fraud allegations cannot be based "on speculation and conclusory allegations."  *Chartwell RX, LLC v. Inmar, Inc.*, No. 21-CV-2185, 2022 WL 3285620, at *7 (S.D.N.Y. Aug. 11, 2022) (quoting *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 171) (internal quotation marks omitted).

The Amended Complaint fails to state a claim for fraud against Larry for several reasons. Initially, it fails adequately to allege that Larry's statement that Diane would repay the loan by November was a material misrepresentation.  Mr. Romano alleges no facts suggesting that Larry's statement was anything other than Larry's best guess about what Diane would do.  "In

---

[7]     The Extended Family Defendants further argue that Plaintiff's claims as to them should be dismissed because Jack's oral promise to repay the loan failed to satisfy the statute of frauds, and, thus, the Estate is not liable for the loan.  Def. Mem. at 6–7.  While this may be relevant for Plaintiff's breach of contract claim (which does not name the Extended Family Defendants, Am. Compl. ¶¶ 48–57), it bears little relevance to Plaintiff's fraud claims, except inasmuch that it is implausible to infer that the Extended Family Defendants would have fraudulently conveyed assets from the Estate to avoid repaying a loan for which they were not liable.

order for a prediction or promise to satisfy the requirement of misrepresentation of a material

fact said prediction or promise must have been made with an intent not to comply therewith."

*Jones Mem'l Trust v. Tsai Inv. Servs., Inc.*, 367 F. Supp. 491, 499 (S.D.N.Y. 1973).  Mr. Romano

does not allege that Larry had any authority to influence the repayment of the loan, that he

exercised that authority to keep Triborough from repaying the loan by November 2021, or that he

knew in the summer that Diane and Triborough were not going to repay the loan by November.

Plaintiff alleges only that Larry was, in some capacity, an officer of Triborough who acted as

"the named licensee on certain licenses and permits."  Am. Compl. ¶ 34.  In short, Plaintiff has

failed to allege that Larry promised to undertake a "future action . . . with a preconceived and

undisclosed intention of not performing it."  *Green Star Energy Sols., LLC v. Edison Props.,*

*LLC*, No. 21-CV-2682, 2022 WL 16540835, at *8 (S.D.N.Y. Oct. 28, 2022) (holding that

property owner's promise to have general contractors timely repay subcontractors were not

material misrepresentations despite the fact that payment was not made) (internal quotation

omitted).  The fact that Triborough and Diane ultimately did not repay the loan by November

does not mean that Larry's statement in the summer was false when made.  Because Plaintiff

provides no factual basis to support his conclusory allegation that Larry knew Diane would not

repay the loan, *id*. ¶ 77, it cannot form the basis for a fraud claim.

Plaintiff also fails to allege facts from which the Court can infer that he reasonably relied

on Larry's statements to his detriment.  The Amended Complaint states only that Plaintiff "did

not pursue his legal rights," without any explanation of how Plaintiff was injured by the delay or

why it was reasonable to rely on what Larry had to say about Diane's intentions.  Am. Compl.

¶ 39; *see also Banque Franco-Hellenique de Com. Int'l Et Mar., S.A. v. Christophides*, 106 F.3d

22, 27 (2d Cir. 1997) ("The recipient of misleading information must prove that the

misrepresentation proximately caused his injury.").  Plaintiff does not allege any injury that has stemmed from this delay, such as lapse of the statute of limitations, that would allow the Court reasonably to infer that he detrimentally relied on Larry's statement.  Moreover, while he may have relied on Larry's statement to delay bringing suit for a few more months, there are no facts alleged in the Amended Complaint from which the Court can infer that reliance was reasonable.

In short, Plaintiff has failed adequately to allege a claim of common law fraud against Larry, and accordingly, the Court grants the motion to dismiss Larry as a defendant.

## CONCLUSION

For the foregoing reasons, the Extended Family Defendants' motion to dismiss is GRANTED, and the Extended Family Defendants and the Real Property are dismissed from this case.  The Clerk of Court is respectfully directed to close the open motion at docket entry 53 and to terminate Defendants Alex Berisha, Gjeste Berisha, Larry Berisha, and The Real Property Located at 815 Mace Avenue, Bronx, New York 10467.

As of the entry of this order, discovery is no longer stayed.  Order, Dkt. 56.  By no later than **January 19, 2023**, the parties must submit a revised case management plan and joint letter as outlined in the Order at docket entry 37.  The joint letter must also include an update on the progress of any settlement discussion and whether the parties request a referral to the Court-annexed mediation program or to their assigned magistrate judge for a settlement conference.  An initial pretrial conference is scheduled for **Friday, January 27, 2023, at 10:00 A.M.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

**SO ORDERED.**

Date:  **January 3, 2023**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**